FILED
2006 Apr-21 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERRY HACKNEY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | **CV-06-BE-0021-S** |
| **LIBERTY NATIONAL LIFE** ] | |
| **INSURANCE COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

### I. Introduction

This case is before the court on Defendant's Motion for Judgment on the Pleadings. (doc. #11). The Defendant is requesting judgment on Plaintiff's ERISA § 502(a)(3) breach of fiduciary duty claim set forth in Count IV of Plaintiff's Complaint. The Plaintiff filed an opposition to the above-referenced Motion for Judgment on the Pleadings. For the reasons set forth below, the court finds that Defendant's Motion for Judgment on the Pleadings is due to be **GRANTED** on Count IV of Plaintiff's Complaint.

Plaintiff, Jerry Hackney, was a participant in an employee welfare benefit plan, the Liberty National Life Insurance Company Group Long Term Disability Plan. Plaintiff alleges that the Defendant, Life Insurance Company of North America (hereinafter LINA) breached the terms of the plan when it denied his claim for long-term disability benefits.

Hackney sets forth four counts for relief based on the conduct of the Defendant. First, in Count I, Plaintiff sets forth a §502(a)(1)(B) claim for benefits alleging the wrongful denial of disability benefits, and seeks actual and compensatory damages, as well as injunctive relief and

attorney's fees.[1] In Counts II and III, the Plaintiff further claims declaratory and injunctive relief based on his alleged entitlement to disability benefits. Finally, in Count IV, Plaintiff states a breach of fiduciary duty claim pursuant to ERISA § 502(a)(3), alleging that the Defendant "failed to provide the Plaintiff with an adequate claims procedure and/or full and fair review" as required under the statute.[2]

Defendant has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Judgment on the pleadings under Rule 12(c) is proper when no material facts are in dispute, and the movant is entitled to judgment as a matter of law. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* The court may not enter judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

The applicable precedent holds that Plaintiff's fiduciary duty claim under §502(a)(3) claim is incompatible with Plaintiff's §502(a)(1)(B) claim for benefits. ERISA §502(a)(3), is a

---

[1] 29 U.S.C. § 1132 (a)(1)(B), which allows claimants to bring civil action to recover benefits under an ERISA plan, provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought-
>   (1) by a participant or beneficiary-
>   ...
>   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under
>     the terms of the plan or to clarify his rights to future benefits under the terms of the
>     plan...

[2] 29 U.S.C. § 502(a)(3), which allows claimants to bring a civil action to seek injunctive relief
 provides:
(a) Persons empowered to bring a civil action. A civil action may be brought-
> (3)  by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any
>   provision of this subchapter or the terms of the plan, or (b) to obtain other appropriate equitable
>   relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of
>   the plan;

"catch all" provision which the Supreme Court has held allows participants and beneficiaries to assert individual claims for relief, but only when no "other appropriate relief" is available under any of ERISA's other civil enforcement provisions. *Varity Corp. v. Howe*, 516 U.S. 489 (1996). Hackney has appropriate relief in the §502(a)(1)(B) claim for benefits, and therefore, the fiduciary duty claim under §502(a)(3) is dismissed.

## II. Discussion

In *Varity*, the Supreme Court specifically admonished lower courts to exercise caution in allowing individuals to rely on the catchall provision of §502(a)(3) when §502(a)(1)(B) provides an adequate claim. *Id.* at 512. Both the Eleventh Circuit and the Northern District of Alabama have also held that ERISA plan participants who can avail themselves of potential remedies authorized by §502(a)(1)(B) cannot additionally pursue equitable relief under §502(a)(3). *See e.g. Ogden v. Blue Bell Creameries U.S.A. Inc.*, 348 F.3d 1284 (11th Cir. 2002) (holding that employee benefit plan participant and spouse could not seek equitable relief under ERISA §502(a)(3) where they had adequate remedy available under ERISA §502(a)(1)(B) to recover benefits due under the terms of their plan); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999) (holding that a beneficiary had an adequate remedy in the form of a §502(a)(1)(B) and could not pursue a §502(a)(3) claim); *Short v. American Cast Iron Pipe Co.*, 961 F.Supp. 261 (N.D. Ala. 1997) (stating that because §503(a)(1)(B) allowed plaintiff to recover any benefits due under the plan, relief under §502(a)(3) is not appropriate).

In the present case, Plaintiff's Count IV claim is one for which an adequate remedy exists under §502(a)(1)(B)[3], and thus he cannot bring a claim for breach of fiduciary duty under §502(a)(3). The breach of fiduciary duty claim in Count IV of the Plaintiff's Complaint is not

---

[3]This statement should not be construed as a comment on the merits or strength of Plaintiff's claims.

substantively different from the benefits sought under §502(a)(1)(B). Both counts relate to denial of benefits, and both matters can be argued by the Plaintiff in the context of his claim for benefits.

Additionally, Plaintiff's argument that the two claims are separate and distinct fails. The Plaintiff states that his §502(a)(3) fiduciary duty claim is not a claim for benefits, but is a claim to establish and maintain a claims review process as required by ERISA. Therefore, the Plaintiff argues that the claim for benefits is retroactive while the claim for a fair review process is prospective, and thus the claims are distinct. The Eleventh Circuit in *Jones*, however, held that

> For purposes of establishing whether the Appellants had stated a claim under Section 502(a)(3), the district court should have considered whether the allegations supporting the 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), **regardless of the relief sought**, and irrespective of Appellants' allegations supporting their other claims.

*Jones v. American Gen'l Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004) *emphasis added*.  Because Plaintiff has a viable §502(a)(1)(B) claim for benefits, he cannot maintain a §502(a)(3) breach of fiduciary duty claim against the Defendant, regardless of the distinct relief sought.

Lastly, Plaintiff's claim for prospective equitable relief under §502(a)(3) is hypothetical and speculative, and therefore cannot stand. Plaintiff reasons that even if the court is able to restore Plaintiff's benefits up to the point of judgment, the court may not be allowed to award benefits prospectively. The Plaintiff argues that because Defendant failed to maintain a full and fair review procedure in accordance with the provisions of the statute once, the same review process will likely fail to provide the Plaintiff with a fair review of his claim a second time.[4]

---

[4] The Plaintiff, however, fails to cite any authority that allows both claims to proceed or authorizes the prospective relief that he seeks.

Such a claim is not ripe for consideration by the court. Additionally, if the court ordered an injunction compelling the Defendant to provide a "full and fair" review of future claims, the court would be duplicating mandatory regulations issued by the Department of Labor. Those regulations provide that every employee benefit plan in accordance with ERISA "shall establish and maintain reasonable claims procedures." See 29 CFR §2560.503-1. A beneficiary of such a plan may submit a written request to the Secretary of Labor to "exercise his enforcement authority" with any violation. *Id.* The court does not need to declare that the Defendant must comply with the claims review procedure outlined in the Department of Labor Regulations.

In conclusion, the relief sought by Plaintiff is not extraordinary enough to fit under the "catchall" or safety net of 502(a)(3). Plaintiff has adequate relief for his claim under §502(a)(1)(B) and, therefore, relief under §502(a)(3) is unnecessary. Under Plaintiff's theory, every §502(a)(1)(B) claim for denial of benefits could be accompanied by a §502(a)(3) claim for prospective, equitable relief and such is not the law.

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings will be granted by a separate order filed contemporaneously with this opinion.

DONE and ORDERED this 21st day of April 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE